IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-217

 No. COA21-229

 Filed 5 April 2022

 Iredell County, No. 19 CVS 280

 TAC STAFFORD, LLC, a North Carolina Limited Liability Company, Plaintiff,

 v.

 TOWN OF MOORESVILLE, a North Carolina body politic and corporate, Defendant.

 Appeal by defendant from orders entered 10 August 2020 and 23 February

 2021 by Judge Martin B. McGee in Iredell County Superior Court. Cross-appeal by

 plaintiff from order entered 23 February 2021 by Judge Martin B. McGee in Iredell

 County Superior Court. Heard in the Court of Appeals 14 December 2021.

 Scarbrough, Scarbrough & Trilling, PLLC, by Madeline J. Trilling and James
 E. Scarbrough, for plaintiff-appellee/cross-appellant.

 Cranfill Sumner LLP, by Steven A. Bader and Patrick H. Flanagan, for
 defendant-appellant/cross-appellee.

 ZACHARY, Judge.

¶1 Defendant Town of Mooresville (“the Town”) appeals from the trial court’s 10

 August 2020 order granting Plaintiff TAC Stafford, LLC’s motion for summary

 judgment, denying the Town’s motion for summary judgment, and issuing a writ of

 mandamus “requiring [the Town] to take all necessary steps to authorize the issuance

 of development approvals for the Stafford Subdivision without regard to construction
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 of the [o]ff-[s]ite [i]mprovements[.]” The Town also appeals from the trial court’s 23

 February 2021 order granting in part Plaintiff’s motion for reimbursement of fees and

 denying the Town’s motion to stay. Lastly, Plaintiff cross-appeals from the trial

 court’s 23 February 2021 order denying in part its motion for reimbursement of

 expenditures and recovery of attorneys’ fees and costs.

¶2 After careful review, we affirm the 10 August 2020 order. As for the 23

 February 2021 order, we affirm in part, reverse in part, and remand to the trial court.

 Background

¶3 In 2014, Plaintiff purchased the Stafford Subdivision property (the

 “Subdivision”), which was zoned R-3 (Single Family Residential-3), allowing for

 development by right of three residential units per acre. Plaintiff submitted concept

 plans for the Subdivision to the Town, and on 21 January 2015, the Town informed

 Plaintiff via a series of emails first that the concept plans were approved, then that

 the approval was subject to the completion of a traffic impact analysis (“TIA”) and the

 notation on the plan of “any required on-site and off-site improvements[.]”

¶4 Pursuant to a preexisting agreement, the Town selected Ramey Kemp &

 Associates, Inc. (“Ramey Kemp”) to prepare the TIA, an expense for which Plaintiff

 was required to reimburse the Town. On 13 August 2015, Ramey Kemp completed

 and sealed the TIA. Still seeking the development approvals, Plaintiff entered into a

 Mitigation Measures Agreement (“MMA”) with the Town on 4 November 2015. The
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 MMA obligated Plaintiff to implement certain mitigation measures, including various

 improvements to off-site public transportation locations (the “off-site improvements”)

 up to 2.3 miles away from the Subdivision, “as a condition of development.” The MMA

 also conditioned the issuance of certificates of occupancy (“COs”) for certain units of

 the Subdivision on completion of the off-site improvements.

¶5 Following minor changes to the Subdivision concept plan, on 6 March 2017,

 the parties executed an amended MMA. In its attempt to complete its obligations

 under the MMA, Plaintiff spent a total of $993,584.00. However, Plaintiff was

 ultimately unable to purchase rights-of-way from the owners of various properties

 necessary to complete the off-site improvements. Plaintiff requested that the Town

 condemn the properties, pursuant to the Town’s preexisting policy concerning the

 private acquisition of property to facilitate transportation mitigation measures, but

 the Town rejected Plaintiff’s request during three meetings between December 2017

 and October 2018 at which Plaintiff was not present. The Town then refused to issue

 the remaining COs for more than half of the Subdivision, on the ground that Plaintiff

 had breached the MMA by failing to complete the required off-site improvements.

¶6 On 30 January 2019, Plaintiff filed a complaint against the Town asserting

 multiple claims for declaratory and injunctive relief arising from its obligations to

 make the off-site improvements in accordance with the MMA, as well as claims for

 inverse condemnation, refund of illegally exacted fees, and breach of contract (if the
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 MMA were found to be enforceable). Plaintiff argued, inter alia, that the Town lacked

 authority under N.C. Gen. Stat. § 160A-372 (2019)1 to require the off-site

 improvements as part of a by-right approval process for the Subdivision. Plaintiff

 further petitioned the trial court to issue a writ of mandamus directing the Town to

 take all necessary steps to issue COs and any other required developmental approvals

 for the Subdivision, and moved for attorneys’ fees and costs. The Town filed its

 answer, generally denying the allegations of Plaintiff’s complaint, on 8 April 2019.

¶7 On 14 February 2020, the Town moved for summary judgment. Plaintiff filed

 its own motion for summary judgment on 18 February 2020. On 24 February 2020,

 the motions for summary judgment came on for hearing in Iredell County Superior

 Court. On 10 August 2020, the trial court entered its order granting Plaintiff’s motion

 for summary judgment, denying the Town’s motion for summary judgment, granting

 Plaintiff’s petition for a writ of mandamus, and reserving for later determination the

 financial issues such as attorneys’ fees, costs, and reimbursement of expenditures.

¶8 On 4 September 2020, the Town filed its notice of appeal. That same day, the

 Town filed a motion to stay or enjoin execution or enforcement of the order and writ

 1 “Effective 19 June 2020, the General Assembly consolidated the provisions governing

 planning and development regulations by local governments into a new Chapter 160D of the
 General Statutes.” 85’ & Sunny, LLC v. Currituck Cty., 279 N.C. App. 1, 2021-NCCOA-422,
 ¶ 18 n.3, disc. review denied, ___ N.C. ___, 865 S.E.2d 858 (2021). As the former Chapter 160A
 was in effect at all times relevant to this appeal, we address that Chapter in this opinion.
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 of mandamus, pending its appeal. The Town’s motion came on for hearing on 2

 October 2020, at which hearing Plaintiff again raised the financial issues. The trial

 court requested supplemental briefing on the financial issues, which both parties filed

 in November 2020.

¶9 On 23 February 2021, the trial court entered an order granting in part and

 denying in part Plaintiff’s motion for reimbursement of expenditures, determining

 that the Town “should return $101,500.00 plus 6% interest per annum” to Plaintiff

 pursuant to N.C. Gen. Stat. § 160A-363(e); however, the court determined that the

 remaining expenditures were “paid to other entities – not the Town – in the course of

 the development of the property and as part of the MMA” and thus those funds were

 “not recoverable pursuant to G.S. 160A-363(e)[.]” The trial court also granted

 Plaintiff’s motion for attorneys’ fees and costs. The trial court then concluded that

 “[b]ecause mandamus is the proper remedy in this case, Plaintiff’s remaining claims

 that were not resolved” by the 10 August 2020 order “are moot.” Accordingly, the trial

 court dismissed the remaining claims with prejudice.

¶ 10 On 24 February 2021, the Town filed its notice of appeal from the 23 February

 2021 order. Plaintiff filed its notice of appeal from the same order on 8 March 2021.

 Summary Judgment

¶ 11 On appeal from the trial court’s 10 August 2020 order granting Plaintiff’s

 motion for summary judgment and denying the Town’s motion for summary
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 judgment, the Town argues that the trial court erred by concluding that the Town did

 not have the authority to require off-site improvements as a condition for issuing

 development approvals for the Subdivision.

 A. Standard of Review

¶ 12 We conduct de novo review of a trial court’s grant of summary judgment

 “because the trial court rules only on questions of law.” Buckland v. Town of Haw

 River, 141 N.C. App. 460, 462, 541 S.E.2d 497, 499 (2000) (citation omitted). “A trial

 court may grant a motion for summary judgment where there is no genuine issue of

 material fact and where the movant is entitled to judgment as a matter of law.” Id.;

 N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021).

 B. Analysis

¶ 13 In its order granting Plaintiff’s motion for summary judgment, the trial court

 relied on this Court’s opinion in Buckland to support its conclusion that § 160A-372

 “does not permit the Town to require [Plaintiff] to make off-site changes, in the

 manner in which it seeks, as a condition of the Town issuing development approvals.”

 The Town argues that Buckland is both legally and factually inapposite, and

 therefore is not controlling authority in this case. We disagree.

¶ 14 In Buckland, the plaintiffs requested that the town approve a subdivision plat

 dividing their 7.6-acre property into 11 lots. 141 N.C. App. at 461, 541 S.E.2d at 499.

 The town approved the plaintiffs’ subdivision plat “with the condition that [the]
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 plaintiffs ‘adhere to the subdivision regulations regarding the improvement of the

 public right-of-way and unopened portion of Fairview and Hollar Streets,’ specifically

 instructing [the] plaintiffs that its ‘subdivision ordinance requires paving and curb

 and gutter.’ ” Id. The plaintiffs filed a complaint seeking, inter alia, a writ of

 mandamus directing the town to approve their subdivision request without

 restrictions, but the trial court granted the town’s motion for summary judgment. Id.

 at 461–62, 541 S.E.2d at 499.

¶ 15 On appeal, this Court reviewed N.C. Gen. Stat. § 160A-372, the enabling

 legislation for city and town ordinances, which “grant[ed] municipalities certain

 powers they may include in a subdivision control ordinance.” Id. at 463, 541 S.E.2d

 at 500. As it existed both when this Court decided Buckland and when the trial court

 granted Plaintiff’s motion for summary judgment in the present case, § 160A-372(a)

 provided:

 A subdivision control ordinance may provide for the orderly
 growth and development of the city; for the coordination of
 transportation networks and utilities within proposed
 subdivisions with existing or planned streets and highways
 and with other public facilities; for the dedication or
 reservation of recreation areas serving residents of the
 immediate neighborhood within the subdivision or,
 alternatively, for provision of funds to be used to acquire
 recreation areas serving residents of the development or
 subdivision or more than one subdivision or development
 within the immediate area, and rights-of-way or easements
 for street and utility purposes including the dedication of
 rights-of-way pursuant to G.S. 136-66.10 or G.S. 136-66.11;
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 and for the distribution of population and traffic in a
 manner that will avoid congestion and overcrowding and
 will create conditions that substantially promote public
 health, safety, and the general welfare.

 N.C. Gen. Stat. § 160A-372(a).

¶ 16 Interpreting § 160A-372(a), this Court determined that “a municipality’s

 subdivision ordinance may require a developer to consider existing or planned streets

 when it plats streets or highways within its subdivision, but the statute does not

 empower municipalities to require a developer to build streets or highways outside

 its subdivision.” Buckland, 141 N.C. App. at 463, 541 S.E.2d at 500 (first emphasis

 added) (citation omitted). Because the trial court had “implicitly f[ound] as a matter

 of law that [the town] could compel [the] plaintiffs to construct access roads,” this

 Court concluded that the trial court erred in granting the town’s motion for summary

 judgment. Id. at 465, 541 S.E.2d at 501. Accordingly, the Buckland Court reversed

 and remanded to the trial court for the entry of an order granting summary judgment

 in favor of the plaintiffs. Id. at 467, 541 S.E.2d at 502.

¶ 17 In the present case, the Town argues that Buckland only interpreted the first

 clause of § 160A-372(a)—which it denominates the “Within Provision”—and that it

 was authorized to require the off-site improvements pursuant to the final clause of

 § 160A-372(a), which it denominates the “Traffic Provision.” The Town maintains

 that Buckland is therefore legally inapposite to the present case, in that the Buckland
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 Court “only considered the scope of a town’s authority to act under the Within

 Provision” but “did not consider whether [the town]’s ordinance was permissible

 under the Traffic Provision.” However, the Town’s argument is misguided.

 Ultimately, regardless of whether Buckland is viewed as interpreting the entirety of

 § 160A-372(a) or merely the Within Provision, the Town fails to identify any statutory

 authority permitting it to require off-site improvements as a condition of development

 approval or the issuance of COs under the circumstances presented.

¶ 18 The Town urges this Court to adopt a broad construction of § 160A-372.

 Specifically, the Town notes that its ordinance is consonant with § 160A-372’s

 authorization that a town ordinance

 may provide that in lieu of required street construction, a
 developer may be required to provide funds that the city
 may use for the construction of roads to serve the
 occupants, residents, or invitees of the subdivision or
 development and these funds may be used for roads which
 serve more than one subdivision or development within the
 area.

 N.C. Gen. Stat. § 160A-372(f). The Town argues that the “implication” of § 160A-372,

 “when viewed in the collective, is that a town can require a developer to account for

 increases in traffic attributable to a proposed development. And, in providing a town

 tools to fulfill this objective, [§ 160A-372] does not preclude a town from requiring off-

 site road improvements.”

¶ 19 However, we are only at liberty to adopt a broad construction of § 160A-372 if
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 its language is ambiguous. “If the enabling statute is ambiguous, the legislation shall

 be broadly construed to include any additional and supplementary powers that are

 reasonably necessary or expedient to carry them into execution and effect.” Quality

 Built Homes Inc. v. Town of Carthage, 369 N.C. 15, 19, 789 S.E.2d 454, 457 (2016)

 (emphasis added) (citation and internal quotation marks omitted); accord N.C. Gen.

 Stat. § 160A-4. Section 160A-4’s “broad construction mandate . . . is a rule of statutory

 construction rather than a general directive, and, as such, is inoperative when the

 enabling statute is clear and unambiguous on its face[.]” Quality Built Homes, 369

 N.C. at 19, 789 S.E.2d at 457 (emphasis added) (citation and internal quotation marks

 omitted).

¶ 20 The Town does not identify any such ambiguity in the plain text of § 160A-372;

 instead, the Town merely identifies what it would prefer that the statute provide.

 Section 160A-372 clearly does not authorize the Town to condition approval of the

 Subdivision or to withhold the issuance of COs on the completion of off-site

 improvements.

¶ 21 The plain text of § 160A-372 makes clear that our General Assembly has only

 authorized the Town to “require a developer to consider existing or planned streets

 when it plats streets or highways within its subdivision[.]” Buckland, 141 N.C. App.

 at 463, 541 S.E.2d at 500 (emphasis added). Alternatively, the Town “may require a

 developer to provide funds to be used to construct roads both within and outside of a
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 development. If the municipality selects this alternative, it undertakes to build these

 roads itself and [forgoes] the option of compelling the developer to build its own roads

 within the development.” Id. at 464, 541 S.E.2d at 500–01 (emphases added) (citation

 omitted). But here, the Town pursued neither of these authorized courses of action,

 and thus lacked statutory authority to withhold development approvals for the

 Subdivision or condition such approvals on the completion of off-site improvements.

¶ 22 Lastly, the Town attempts to distinguish Buckland on its facts. While Plaintiff

 here sought approval of the development of the Subdivision with 467 lots on 209

 acres, the developers in Buckland sought approval for only 11 lots on 7.6 acres. Id. at

 461, 541 S.E.2d at 499. The Town also notes that Buckland makes no mention of a

 TIA or MMA, and asserts that the Town of Haw River “provided no justification for

 its pre-condition” in that case. Accordingly, the Town argues that “[t]hese distinctions

 . . . warrant a different outcome” in this case.

¶ 23 Yet the Town makes no argument as to why these distinctions warrant a

 different outcome. Nothing in Buckland purports to limit its holding that § 160A-372

 “does not empower municipalities to require a developer to build streets or highways

 outside its subdivision” to cases involving developments of a certain size. Id. at 463,

 541 S.E.2d at 500. The plain language of both the statute and Buckland presents a

 clear rule, regardless of the scale of the development at issue.

¶ 24 The trial court did not err in granting Plaintiff’s motion for summary
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 judgment. Accordingly, the Town’s argument is overruled, and the trial court’s 10

 August 2020 order is affirmed.

 Attorneys’ Fees

¶ 25 On appeal from the trial court’s 23 February 2021 order, the Town argues that

 the trial court erred by awarding attorneys’ fees to Plaintiff. We disagree.

¶ 26 The trial court determined that “Plaintiff is entitled to recover reasonable

 attorneys’ fees pursuant to G.S. 6-21.7.” That statute provides, inter alia:

 In any action in which a city or county is a party, upon a
 finding by the court that the city or county violated a
 statute or case law setting forth unambiguous limits on its
 authority, the court shall award reasonable attorneys’ fees
 and costs to the party who successfully challenged the city’s
 or county’s action.

 N.C. Gen. Stat. § 6-21.7.

¶ 27 “It is well established that the word ‘shall’ is generally imperative or

 mandatory when used in our statutes.” Morningstar Marinas/Eaton Ferry, LLC v.

 Warren Cty., 368 N.C. 360, 365, 777 S.E.2d 733, 737 (2015) (citation and internal

 quotation marks omitted). Thus, § 6-21.7 provides for mandatory attorneys’ fees

 through its use of the word “shall.” When a trial court decides whether to award

 mandatory attorneys’ fees, we review the trial court’s decision de novo. Willow Bend

 Homeowners Ass’n v. Robinson, 192 N.C. App. 405, 418, 665 S.E.2d 570, 578 (2008).

¶ 28 The Town argues that the trial court erred in awarding attorneys’ fees to
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 Plaintiff pursuant to § 6-21.7 because the limitations on the Town’s authority

 pursuant to § 160A-372 and Buckland are not “unambiguous.” For purposes of § 6-

 21.7, “ ‘unambiguous’ means that the limits of authority are not reasonably

 susceptible to multiple constructions.” N.C. Gen. Stat. § 6-21.7. In support of this

 argument, the Town again advances its claim, which we have already rejected, that

 Buckland does not control the outcome of this case because the Traffic Provision is a

 grant of authority that is legally distinct from the Within Provision.

¶ 29 As previously discussed, Buckland does not support the Town’s claimed

 authority to act as it has in this case. Moreover, Buckland’s analysis is not

 ambiguous, and the Town’s assertions to the contrary fail to persuade. Because the

 Town “violated a statute or case law setting forth unambiguous limits on its

 authority,” id., the trial court did not err in awarding attorneys’ fees to Plaintiff. The

 Town’s argument is overruled.

 Recovery of Plaintiff’s Expenditures

¶ 30 On cross-appeal from the trial court’s 23 February 2021 order, Plaintiff argues

 that it is entitled to recover “all money expended in relation to the illegal [o]ff-[s]ite

 [i]mprovements that the Town unlawfully imposed[.]” Alternatively, Plaintiff argues

 that it is entitled to recover the same money as “compensatory damages based on the

 alternative claims” that Plaintiff raised in its verified complaint.

 A. Standard of Review
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

¶ 31 In its 23 February 2021 order on the monetary issues remaining after entry of

 its 10 August 2020 order, the trial court granted in part and denied in part Plaintiff’s

 motion for reimbursement of expenditures. Specifically, the trial court interpreted

 § 160A-363(e), which provided that “[i]f the city is found to have illegally exacted a

 tax, fee, or monetary contribution for development or a development permit not

 specifically authorized by law, the city shall return the tax, fee, or monetary

 contribution plus interest of six percent (6%) per annum.” N.C. Gen. Stat. § 160A-

 363(e).

 Although the assessment of costs is generally within the
 discretion of the trial court, when the validity of an award
 of costs hinges upon the extent to which the trial court
 properly interpreted the applicable statutory provisions,
 the issue before the appellate court is one of statutory
 construction, which is subject to de novo review.

 Justus v. Rosner, 371 N.C. 818, 829, 821 S.E.2d 765, 772 (2018) (citations and internal

 quotation marks omitted).

 B. Exaction

¶ 32 In its 23 February 2021 order, the trial court concluded that the Town “should

 return $101,500.00 plus 6% interest per annum to [Plaintiff] for reimbursement of

 fees paid to the Town” pursuant to N.C. Gen. Stat. § 160A-363(e). However, the trial

 court also determined that:

 The other funds paid by [Plaintiff] . . . were paid to other
 entities – not the Town – in the course of the development
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 of the property and as part of the MMA. Plaintiff elected to
 pay these funds. The funds were not “exacted” by the Town.
 As a result, the funds are not a “tax, fee, or monetary
 contribution” under § 160A-363(e) that the Town can
 return.

¶ 33 On cross-appeal, Plaintiff asserts that it is undisputed that its total

 expenditures in pursuit of the off-site improvements were $993,854.00 and argues

 that the trial court erred in not awarding it the full amount of its undisputed

 expenditure. Plaintiff contends that to be entitled to relief under § 160A-363(e), “the

 Town must have (a) acted illegally in order to; (b) exact a tax, fee, or monetary

 contribution (c) as a condition to development or a development permit.” (Emphasis

 omitted). Plaintiff notes that “[t]he first element has already been determined, and

 the third is undisputed.” The issue is thus whether the trial court erred in

 determining the extent to which the Town “illegally exacted a tax, fee, or monetary

 contribution[.]” N.C. Gen. Stat. § 160A-363(e).

¶ 34 “An exaction is a condition of development permission that requires a public

 facility or improvement to be provided at the developer’s expense.” Franklin Rd.

 Props. v. City of Raleigh, 94 N.C. App. 731, 736, 381 S.E.2d 487, 490 (1989) (citation

 omitted). This Court has identified the categories into which exactions most

 commonly fall, including “requirements that land be dedicated for street rights-of-

 way, parks, or utility easements and the like” and “requirements that improvements

 be constructed or installed on land so dedicated[.]” Id. (citation omitted).
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

¶ 35 Here, Plaintiff argues that the Town

 unlawfully required Plaintiff, as a condition of
 development, to expend its own funds—i.e., to contribute
 monetarily—to obtain required right-of-way and
 easements from third parties, design and construct off-site
 improvements which [Plaintiff] itself had no use for and
 which provide [Plaintiff] no benefit outside of attempting
 to comport with the Town’s illegal and coercive demands to
 obtain required necessary development approvals.

 (Emphasis omitted). Accordingly, Plaintiff argues that the full amount of $993,854.00

 was an “exaction” that it is entitled to recover under § 160A-363(e).

¶ 36 However, this definition alone does not resolve the issue before us. The trial

 court determined that only $101,500.00 of Plaintiff’s expenditures were paid directly

 to the Town, and as such, those were the only funds “exacted” by the Town. The Town

 notes in response to Plaintiff’s cross-appeal that § 160A-363(e) uses the word “return”

 and argues that, because the Town did not receive the remaining $892,354.00 of

 Plaintiff’s expenditures, it “cannot ‘return’ what it does not possess.” Nevertheless,

 Plaintiff contends that “the applicability of N.C.G.S. § 160A-363(e) is not dependent

 upon the payee of the unlawfully exacted funds—it is irrelevant whether they were

 required to be paid directly to the Town of Mooresville.” (Emphasis omitted).

¶ 37 Neither party cites any case that directly addresses this issue in interpreting

 § 160A-363(e). However, we agree with the Town’s interpretation of the text of § 160A-

 363(e). Although the statute is silent as to whether the Town must be the recipient of
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 the funds to be returned, the Town cannot “return” that which it has not received.

 Thus, we affirm the trial court’s conclusion of law that funds paid to entities other

 than the Town were not “exacted” by the Town. Plaintiff’s argument is overruled.

¶ 38 However, Plaintiff also argues that the trial court erred in finding that the

 total sum of funds paid directly to the Town was $101,500.00. Plaintiff claims that it

 “is also entitled to recover the $155,679.00 paid in relation to the traffic engineering

 performed by Ramey Kemp,” because that amount was “actually paid directly to the

 Town[.]”

¶ 39 Our careful review of the record suggests that the trial court arrived at its total

 of $101,500.00 paid to the Town from an affidavit provided by Plaintiff in support of

 its motion for summary judgment. That affidavit also lists $155,679.00 as the amount

 paid to Ramey Kemp. However, Plaintiff directs us to an exhibit in the record,

 composed of a letter from a transportation engineer for the Town, directing that

 Plaintiff “issue a check to the Town of Mooresville (memo: Stafford TIA),” and

 assuring Plaintiff that “[o]nce I have received the payment in full for the study and

 the executed letter, I will issue notice to proceed for the consultant to begin work on

 the TIA.” Plaintiff also cites the deposition of the Town’s engineering director, in

 which he states that the Town “had a policy in place that we -- the developer would -

 - so, basically the Town would pay for the services and the developer would reimburse

 that.” The record thus suggests that Plaintiff may have paid more directly to the
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 Town than the trial court determined.

¶ 40 As such, even though we affirm the trial court’s conclusion of law concerning

 the meaning of an exaction pursuant to § 160A-363(e), we nevertheless must reverse

 the 23 February 2021 order as regards its specific conclusion on the amount of total

 expenditures that the Town “exacted” from Plaintiff. On remand, the trial court shall

 conduct additional proceedings to determine precisely how much Plaintiff paid

 directly to the Town, and thus how much Plaintiff is entitled to recover from the

 Town, with interest, pursuant to § 160A-363(e).

 C. Mandamus

¶ 41 Lastly, Plaintiff argues that the trial court erred in concluding that Plaintiff’s

 remaining claims were rendered moot by the issuance of a writ of mandamus, and by

 dismissing those remaining claims with prejudice. While Plaintiff agrees that the

 court’s writ of mandamus was “vital” to its ability to obtain prospective relief, Plaintiff

 maintains that mandamus “alone does not make [it] whole” and “simply does not

 afford [it] complete relief for the damages [it] incurred . . . as a direct result of the

 Town’s unlawful conduct.” We disagree.

¶ 42 The writ of mandamus is “a limited and extraordinary remedy to provide a

 swift enforcement of a party’s already established legal rights.” Holroyd v.

 Montgomery Cty., 167 N.C. App. 539, 543, 606 S.E.2d 353, 356 (2004), disc. review

 and cert. denied, 359 N.C. 631, 613 S.E.2d 690 (2005). “The function of a writ of
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

 mandamus is to compel the performance of a ministerial duty—not to establish a

 legal right, but to enforce one which has been established.” Id. at 543, 606 S.E.2d at

 356–57 (citation omitted). The trial court “may only issue a writ of mandamus in the

 absence of an alternative, legally adequate remedy.” Graham Cty. Bd. of Elections v.

 Graham Cty. Bd. of Comm’rs, 212 N.C. App. 313, 322, 712 S.E.2d 372, 379 (2011)

 (citation omitted).

¶ 43 In the present case, with the exception of the motion for litigation costs and

 attorneys’ fees pursuant to N.C. Gen. Stat. §§ 1-263 and 6-21.7, every claim Plaintiff

 raised in its complaint was resolved by the issuance of the writ of mandamus. Plaintiff

 sought declaratory judgments on several issues relating to the Town’s lack of

 authority to withhold development approvals, which were resolved by mandamus.

 Plaintiff also raised constitutional arguments regarding substantive and procedural

 due process, which the trial court determined were unnecessary to address as the

 “matter [wa]s resolved through statutory interpretation[.]” Lastly, Plaintiff raised

 several contractual claims, each of which aimed to relieve Plaintiff of its off-site

 improvement obligations under the MMA. Further, Plaintiff pleaded in its petition

 for a writ of mandamus that “[t]here is no alternative legally adequate remedy

 available to [Plaintiff] other than the issuance by this Court of a writ of mandamus,

 because State law and the Ordinances require lots within the Subdivision to have

 COs prior to occupancy of residences located thereon.”
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

¶ 44 “A case is ‘moot’ when a determination is sought on a matter which, when

 rendered, cannot have any practical effect on the existing controversy. Courts will not

 entertain or proceed with a cause merely to determine abstract propositions of law.”

 Roberts v. Madison Cty. Realtors Ass’n, 344 N.C. 394, 398–99, 474 S.E.2d 783, 787

 (1996) (citations and internal quotation marks omitted). Here, the trial court correctly

 determined that Plaintiff’s claims, other than the motion for litigation costs and

 attorneys’ fees, were rendered moot by the issuance of the writ of mandamus, in that

 each claim sought relief from the Town’s requirement of off-site improvements as a

 condition of development approval. Because the issuance of the writ of mandamus

 provided the relief that Plaintiff sought, at that point, further determination of

 Plaintiff’s remaining claims could not have any practical effect on the existing

 controversy. Thus, the trial court did not err in dismissing any remaining claims as

 moot, and Plaintiff’s argument is overruled.

 Conclusion

¶ 45 For the reasons stated herein, we affirm the trial court’s 10 August 2020

 summary judgment order in its entirety. The 23 February 2021 order is affirmed, in

 part, as to the award of attorneys’ fees to Plaintiff and the dismissal of Plaintiff’s

 remaining claims as moot; reversed, in part, as to the amount of Plaintiff’s

 expenditures that it may recover from the Town pursuant to N.C. Gen. Stat. § 160A-

 363(e); and remanded to the trial court for further proceedings to determine the sum
 TAC STAFFORD, LLC V. TOWN OF MOORESVILLE

 2022-NCCOA-217

 Opinion of the Court

of Plaintiff’s direct payments to the Town and to assess the amount of Plaintiff’s

recovery.

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

 Judges WOOD and GRIFFIN concur.